1

2

3

4

5

6

7

8                         IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ERA FRANCHISE SYSTEMS, INC.,

11            Plaintiff,                          No. CIV S-07-0421 FCD GGH

12        v.

13   PHIL HUIE, et al.,

                                                 FINDINGS AND RECOMMENDATIONS
14
              Defendants.
15   _____/

16            Plaintiff's motion for entry of default judgment against defendants Phil Huie and

17   Diane Huie, individuals doing business as ERA Platinum Real Estate, was heard on July 17,

18   2008.  After hearing, and upon review of the motion and the supporting documents, and good

19   cause appearing, the court issues the following findings and recommendations.

20   BACKGROUND

21            On March 2, 2007, plaintiff filed the underlying complaint in this action against

22   defendants Phil and Diane Huie, alleging defendants breached their real estate franchise

23   agreement with ERA Franchise system when they abandoned their real estate brokerage business.

24   The complaint also contains claims for breach of guaranty, account stated, quantum meruit, and

25   accounting.  The summons and complaint were served by substituted service on March 25, 2007,

26   with follow up service by U.S. mail on defendants Phil and Diane Huie on March 25, 2007.  Fed.

                                                  1

R. Civ. P. 4(e)(2).  Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325, 1331 (9th Cir. 1985) (default judgment void without personal jurisdiction).  Defendants filed an answer on April 13, 2007, but their answer was stricken by the court on October 19, 2007 for failure to participate in the joint status report and for failure to obey court orders.  On October 26, 2007, the clerk entered default against defendants Phil and Diane Huie.

The instant motion for default judgment and supporting papers were served by mail on defendants at their last known address.  Defendants filed no opposition to the motion for entry of default judgment.  Plaintiff seeks an entry of default judgment in the amount of $208,298.07 plus prejudgment interest at a rate of 18% per annum on the amount of $11,383.31 at the rate of $3.90 per day from January 11, 2007 until paid, plus $4,742 in attorneys' fees and $829.97 in costs.

DISCUSSION

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party.  Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977).  The court finds the well pleaded allegations of the complaint state a claim for which relief can be granted.  Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976).  The memorandum of points and authorities and affidavits filed in support of the motion for entry of default judgment also support the finding that plaintiff is entitled to the relief requested.  There are no policy considerations which preclude the entry of default judgment of the type requested.  See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

The complaint in this case is based on diversity jurisdiction and alleges multiple claims for relief.  The parties entered into a real estate franchise agreement effective September 1, 2004, by which defendants became a franchisee of plaintiff as a real estate brokerage business authorized to operate from 8216 Madison Ave., Fair Oaks, California 95678.  The franchise agreement granted defendants a non-exclusive license to use plaintiff's trademarks and marketing system.  Defendants agreed to pay plaintiff 6% of all defendant's gross revenues, with a

minimum monthly fee of $577 for royalty fees, and to pay plaintiff an additional 2% of all defendants' gross revenues for a National Advertising Fund, with a minimum monthly fee of $300 for advertising expenses.  Defendants signed a personal guaranty for all of defendants' obligations.

After the parties entered into the franchise agreement, defendants abandoned the business, removed plaintiff's trademarks, no longer operated at the agreed upon location, and may have sold the business to third parties.  Defendants did not respond to communications from plaintiff.  On July 24, 2006, plaintiff notified defendants in writing that their abandonment of the business constituted a material breach of the franchise agreement, and as a result the agreement was terminated effective July 31, 2006.

The complaint alleges that, as of March 2, 2007, defendants owed plaintiff $208,298.07 for unpaid obligations under the agreement.  The complaint seeks interest at the lesser of 18% per annum or the highest rate allowed by law, whichever is less, calculated from July 31, 2006.[1]  The complaint also seeks reasonable attorneys' fees and costs.

By the pending motion for default judgment, plaintiff seeks $208,298.07 in damages, plus interest at the rate of 18% per annum on the amount of $11,383.31 at the rate of $3.90 per day from January 11, 2007 until paid.  Plaintiff also seeks attorneys' fees of $4,742 and costs of $829.97, as provided by the franchise agreement, defendants' personal guaranty, and California Civil Code § 1717.[2]

\\\\\

---

[1]  The declaration of Beth Klepar states that plaintiff seeks interest calculated from October 18, 2006 and the application for default judgment seeks interest from January 11, 2007.  (Docket #s21 at 2; 21-3, ¶ 18.)  The court will proceed based on the most recent date indicated.

[2]  "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs."  Cal. Civ. Code § 1717(a) (West 2007).

1        Weighing the factors suggested in <u>Eitel v. McCool</u>, the undersigned has

2   determined that default judgment against defendants is appropriate.  Although defendants

3   answered the complaint, they did not participate in the joint status report or obey court orders or

4   oppose this motion.  There is no indication that defendants' failure to defend this case is due to

5   excusable neglect.  The complaint is sufficient, and the amount of money sought for actual

6   damages is reasonable.  There is no reason to doubt the merits of plaintiff's substantive claims.

7   Nor does there appear to be any possibility of a dispute concerning the material facts underlying

8   the action.  As these factors weigh in plaintiff's favor, the undersigned, while recognizing the

9   public policy favoring decisions on the merits, will recommend that default judgment be entered.

10        After determining that entry of default judgment is warranted, the court must next

11   determine the terms of the judgment.  As indicated above, plaintiff seeks $208,298.07 in

12   damages, plus interest at the rate of 18% per annum on the amount of $11,383.31 at the rate of

13   $3.90 per day from January 11, 2007 until paid.  Plaintiff also seeks attorney fees in the amount

14   of $4,742 and costs in the amount of $829.97.

15        The undersigned finds that the sum of $208,298.07 is supported by the allegations

16   of plaintiff's complaint and by the evidence submitted in support of plaintiff's motion for default

17   judgment.  (<u>See</u> Pl.'s Application for Default J., Decl. of Beth Klepar, Vice President Financial

18   Services and Audit for Realogy Corporation, parent corporation of ERA Franchise Systems, Inc.,

19   & Exs. C & D.)  The undersigned was initially concerned that plaintiff was seeking a large sum

20   of money for use of the ERA franchise name when, in fact, defendants' business had been

21   terminated.  However, after scrutiny of the liquidated damages provision of the agreement,

22   Section 16.7.2, the undersigned finds that the damages are awardable by contract and are not

23   unconscionable.  The amounts of $4,742 and $829.97 are supported by the allegations of

24   plaintiff's complaint and by the evidence submitted in support of plaintiff's motion for default

25   judgment.  (<u>See</u> <u>id.</u>, Decl. of Beth Klepar & Decl. of Catherine L. Manske, plaintiff's counsel.)

26   The sum of $4,742 constitutes reasonable compensation for time and money expended with

4

1  regard to defendants' breach of contract and default of payment obligations, and the sum of

2  $829.97 constitutes reasonable compensation for plaintiff's costs of suit.

3  The requested amount of interest is not supported by the evidence, however.  The

4  franchise agreement provides for "interest at the *lower* rate of either the highest rate allowed by

5  law or 18% per annum simple interest (1.5% per month)."  (Plaintiff's Ex. A, §11.2.) (emphasis

6  added).  Plaintiff's application seeks interest at a rate of 18% which is higher than the rate

7  allowed by law.  Plaintiff seeks interest "until paid" which implies both pre and post-judgment

8  interest.  Pre-judgment interest in diversity cases is determined by state law, while post-judgment

9  interest is governed by federal law.  Northrop Corp. v. Triad Int'l Mktg. S.A., 842 F.2d 1154,

10  1155 (9th Cir. 1988).  In California, if a contract does not stipulate to a legal rate of interest, the

11  rate of interest after a breach is 10 %.  Cal. Civ. Code § 3289 (West 2008).  Therefore, pre-

12  judgment interest should be awarded at a rate of 10% because it is lower than 18%.  The rate of

13  post-judgment interest is determined under 28 U.S.C. § 1961 which provides that "[s]uch interest

14  shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly

15  average 1-year constant maturity Treasury yield, as published by the Board of Governors of the

16  Federal Reserve System, for the calendar week preceding ... the date of the judgment."  By way

17  of example, the current rate of interest set by the Federal Reserve Board for one year constant

18  maturities for the week of October 6, 2008 is 1.60%, which is lower than 18%.  Therefore, rather

19  than plaintiff's request for the higher interest rate of 18%, post-judgment interest should be set at

20  the federal rate to be determined at the time of judgment for the calendar week preceding that

21  date.  See www.federalreserve.gov.

22  Based on the evidence submitted in connection with the instant motion, the

23  undersigned will recommend that the aforementioned amounts, other than the interest rate as

24  discussed above, be awarded.

25  \\\\\

26  \\\\\

5

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's June 13, 2008 motion for default judgment be granted on the terms set forth below;

2. Plaintiff be awarded damages in the amount of $208,298.07;

3. Plaintiff be awarded interest at the rate of 10% per annum on the amount of $11,383.31 at the rate of $3.90 per day from January 11, 2007 until judgment, and at a rate determined by the guidelines set forth in 28 U.S.C. § 1961 after judgment until paid;

4. Plaintiff be awarded attorneys' fees in the amount of $4,742; and

5. Plaintiff be awarded costs of suit in the amount of $829.97.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 10/22/08

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076/ERAFranchise0421.fr.wpd